# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| BERTRELL RANDLE, <br><br> Plaintiff, <br><br> v. <br><br> LAPORTE COUNTY SHERIFF'S OFFICE and QUALITY CORRECTIONAL CARE, <br><br> Defendants. | CAUSE NO.: 3:24-CV-193-TLS-JEM |

## OPINION AND ORDER

Bertrell Randle, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On November 20, 2023, Randle, who is housed at LaPorte County Jail, injured his right hand during an altercation with another inmate. ECF No. 1 at 2. Following the altercation, Cpl. Miller asked Randle if he needed medical treatment. *Id*. He told her he did not need treatment, but several hours later when his hand was swollen and he could not bend his fingers, he asked to be sent to the medical unit. *Id*. However, Cpl. Miller refused to send Randle to the medical unit and told him that he should not have refused medical treatment when she initially offered it to him. *Id.*

Shortly thereafter, Nurse Tina entered Randle's pod and Randle showed her his swollen hand. *Id*. Nurse Tina told Randle she could not help him, and he should not have refused medical treatment when it was initially offered to him. *Id*. She told him to "put in a medical request and learn how to throw a punch." *Id*.

On November 21, Randle submitted a medical request. *Id*. at 3. Nurse Tina told him that she could not see him that day and he should submit another request. *Id*. The next day, on November 22, Randle showed Nurse Trish his hand and told her he thought it was broken. *Id*. She told him to submit another medical request. *Id*. However, Randle asserts he did not receive treatment for his hand until November 30, when Nurse Tina reported his injury to the jail's doctor. *Id*. The doctor prescribed ten days of Ibuprofen, but his hand did not improve. *Id*. Because Randle's hand was still swollen, Nurse Tina scheduled an appointment for Randle to see the doctor.

Several weeks later, on December 11, Randle had an x-ray of his right hand. *Id*. However, he asserts he was never given the results of the x-ray and has not seen a doctor. *Id*. Randle believes the nerves in his right hand are damaged because his hand is swollen and painful. *Id*. He has sued Quality Correctional Care and LaPorte County Sheriff's Office for failing to provide him with prompt and appropriate medical care for his right hand injury. *Id*. at 4.

Because Randle is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991) (cleaned up). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353–54. To establish a violation of the right to adequate medical care,

a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (cleaned up). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353–54.

Randle has sued Quality Correctional Care, the private company that staffs the medical unit at the jail. There is no general respondeat superior liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (cleaned up). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official policy or custom that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable

3

inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Randle does not allege that Quality Correctional Care has an unconstitutional policy that caused his injury. Nor does he allege facts permitting a reasonable inference that Quality Correctional Care has an unconstitutional custom. Instead, Randle describes several incidents where Nurses Tina and Trish would not provide him with medical treatment for his right hand injury. Isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654. He may not proceed against Quality Correctional Care.

Randle has also sued LaPorte County Sheriff's Office. Similar to a private company performing a public function, a municipality cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of respondeat superior. *See, e.g., Howell*, 987 F.3d at 653; *Grieveson*, 538 F.3d at 771. The three elements required "to establish a *Monell* claim—policy or custom,[1] municipal fault, and moving force causation—are by now familiar. And they must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Bohanon*, 46 F.4th at 676 (cleaned up); *see also Howell*, 987 F.3d at 654.

Here, Randle does not identify any policies or customs by the LaPorte County Sheriff's Office that caused him constitutional harm. Instead, he asserts that, several hours after the altercation when his right hand was swollen and he could not bend his fingers, Cpl. Miller

---

[1] The Seventh Circuit has "recognized three types of municipal action that can support municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (internal quotation marks and citation omitted).

refused to send him to the medical unit. Therefore, Randle may not proceed against LaPorte County Sheriff's Office.

This complaint does not state a claim for which relief can be granted. If Randle believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court hereby:

(1) GRANTS Bertrell Randle until **July 26, 2024**, to file an amended complaint; and

(2) CAUTIONS Bertrell Randle that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 1, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT